UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROFFE ACCESSORIES, INC.,                                Case No.:_____

                              Plaintiff

vs.

                                             **COMPLAINT**

BMB CLOTHING LIMITED,

                              Defendant.
------------------------------------------------------------------X

      Plaintiff, Roffe Accessories, Inc. ("Roffe") by its attorneys, Lazarus and Lazarus, P.C. complaining of the Defendant, BMB Clothing Limited ("Defendant") (hereinafter the Plaintiff and Defendant collectively referred to as the "Parties"), respectfully sets forth, represents and alleges:

## INTRODUCTION

      1.     This action arises out of a licensing agreement dated December 17, 2014 (hereinafter referred to as the "License Agreement"), under which Roffe, as Licensor granted, an exclusive non-transferable, non-assignable right, license and privilege of utilizing the Trademark "1... Like No Other" brand (hereinafter referred to as the "Mark") (U.S. registration number 4453169, registered on December 24, 2013; foreign European registration number 002643450, registered on September 17, 2003) to the Defendant, as Licensee, in connection with the manufacture and sale of men's and women's clothing bearing the Mark in the European Union (hereinafter referred to as the "Goods").

      2.     The License Agreement includes a "best efforts" provision, whereby the Defendant, as Licensee, guaranteed to use its "best efforts and skill to design, manufacture, advertise, sell and ship the Goods (including men's and women's lines for each season)" and to

1

"continuously and diligently during the term hereof produce an inventory of Goods.

3. As set forth herein, Defendant has failed to use its "best efforts" to design, manufacture, advertise, sell and ships Goods for the 2017 Spring season, which has damaged the brand in the European market. Roffe now seeks damages approximating $5,000,000 for Defendant's failure to perform under the License Agreement.

## THE PARTIES, JURISDICTION AND VENUE

4. Plaintiff Roffe is corporation organized and existing under the laws of the State of New York, with its principal place of business at 833 Broadway, 4th Floor, New York, NY 10003. Roffe is engaged throughout the United State and abroad in wholesale manufacturing of apparel goods and is the owner of several different licensed brands.

5. Upon information and belief, and at all times relevant herein, Defendant was and is a British corporation with its principal place of business located Leeds, Great Britain. Defendant has by express written agreement consented to personal jurisdiction in this Court.

6. This is an action for breach of contract. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the jurisdictional amount and is between a citizen of a State and a citizen or subject of a foreign state.

7. Venue is proper in this forum pursuant to 28 U.S.C. § 1391(a) and (d) and pursuant to the parties' written agreement.

## THE PARTIES' AGREEMENT

8. The License Agreement commenced on December 17, 2014 and its initial term is set to expire on December 31, 2019 (hereinafter referred to as the "Initial Term"). Thereafter, the Licensee has the option to renew the License Agreement for an additional term of three years

provided certain requirements are met during the Initial Term.

9. The License Agreement grants Defendant an exclusive non-transferable, non-assignable right to use the Mark in connection with the manufacture and sale of Goods in the European Union.

10. Section 12 of the License Agreement, labeled as "Payment – Royalties and Guaranteed Amounts", provides that Roffe, as Licensor, agrees to waive royalties for the first two years of the Term of the License Agreement (set to expire December 17, 2016), and to waive guaranteed minimum sales and guaranteed minimum royalties for the entire Initial Term (hereinafter referred to as "Waivers").

11. Roffe agreed to the Waivers in a good faith effort to provide the Defendant, as Licensee, an opportunity to build and develop the Mark in the European market.

12. Section 14 of the License Agreement, labeled as "Best Efforts of Licensee", provides that Defendant, as "Licensee, shall use its best efforts and skill to design, manufacture, advertise, sell and ship the Goods (including men's and women's lines for each season)" and to "continuously and diligently during the term hereof produce an inventory of Goods and procure and maintain facilities and trained personnel sufficient and adequate to accomplish the foregoing."

13. Section 16(n) of the License Agreement, labeled as "Warranties and Covenants of Licensee", provides that Defendant, as Licensee, "shall make available to Licensor for its review and inspection samples which Licensee intends to manufacture, sell and distribute."

14. Section 16(r) of the License Agreement, further provides that Defendant, as Licensee, "agrees to attend and participate in trade-shows or similar events in the Territory to market and promote the Goods and the Trademark, at Licensee's cost and expense."

15. At the time Roffe and Defendant entered into the License Agreement and thereafter, Roffe made significant investments in developing the Mark in the marketplace including without limitation, the European market.

16. In recent months, Roffe has been informed by European customers desiring to purchase Goods bearing the Mark that the Defendant stated it is no longer offering a line of such Goods.

17. Further, the Defendant referred those European customers to purchase products directly from Roffe.

18. Defendant also failed to produce a full line of samples to Roffe for the 2017 Spring season (the "SS2017"), pursuant to Section 16(n) of the License Agreement.

19. On July 21, 2016, Roffe served a letter on Defendant (hereinafter referred to as "Demand Letter"), to inform them of their breach of the License Agreement.

20. On August 8, 2016, Defendant responded to the Demand Letter by sending an email to counsel (the "August 8th Email") stating that Defendant had previously requested that Roffe permit it to "move away" from the License Agreement. Defendant further stated that because it was under the "assumption that [Defendant's] request was being considered seriously … [Defendant] deferred some work on the collection [for SS2017]".

21. At no point had Roffe granted Defendant the right to defer work on the collection for SS2017.

22. On August 11, 2016, Defendant sent an additional email to counsel (the "August 11th Email") acknowledging that it would be unable to provide samples for a trade show exhibiting items for SS2017.

23. On September 8, 2016, Roffe received a sales report from Defendant indicating

that sales of the Mark for the SS2017 had decreased 69.8% from the previous season.

24. Roffe has at all times performed, and continues to perform its obligations under the License Agreement.

25. Licensee has at all times exploited, and continues to exploit, the valuable rights obtained under the License Agreement

26. As a result of the Defendant's breach of the License Agreement, the Mark has been severely damaged in the European market.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

27. Roffe repeats, reiterates and realleges each and every prior allegation hereof in the same manner and with the same force and effect as if hereinafter set forth at length.

28. Under the Licensee Agreement, Defendant was required to "use its best efforts and skill to design, manufacture, advertise, sell and ship the Goods" associated with the License Agreement.

29. Defendant has defaulted on its obligations to use its best efforts and skill to design, manufacture, advertise, sell and ship the Goods associated with the License Agreement and has instead ignored its duties in hopes that it would no longer be obligated to perform pursuant to the License Agreement.

30. The obligations set forth in Section 14 of the License Agreement is to be performed by Defendant.

31. As a result of the Defendant's breach of the License Agreement, the Mark has been severely damaged in the marketplace, caused Roffe a loss in its economic investment into the Mark and negatively effected Roffe's ability to collect future royalty revenues from the Mark

and other licensed apparel goods.

32. By virtue of the foregoing, Defendant has breached the License Agreement and Roffe has been damaged in the amount of not less than $5,000,000 together with interest, costs and attorney fees, and such other damages to be determined by the Court.

**WHEREFORE**, Roffe respectfully demands judgment as follows:

(A) On the First Claim for Relief:

    a. Compensatory damages in the amount of $5,000,000 for Defendant's failure to design, manufacture, market, advertise, sell and ship the Goods associated with the License Agreement during the 2017 Spring season to the date of this complaint, plus interest pursuant to the parties' agreement;

    b. An award for costs and fees (including attorneys' fees) incurred by Roffe as a result of Defendant's breaches

(B) Such other relief as the Court deems appropriate.

Dated: October 6, 2016
      New York, New York

LAZARUS & LAZARUS, P.C.
*Attorneys for Plaintiff*

By: _____
Harlan M. Lazarus, Esq.
Jonathan Roffe, Esq.
240 Madison Avenue, 8th Floor
New York, New York 10016
(212) 889-7400